UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23137-CV-COOKE
MAGISTRATE JUDGE REID

ROGER AMADO GARCIA,

    Petitioner,

v.

BRIAN K. DOBBS, Warden,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE
## RE - 28 U.S.C. §2241

### I. Introduction

Petitioner, **Alberto Ayala,** while confined at the local Federal Correctional Institution, in Miami, Florida, has filed this *pro se* federal habeas corpus petition, pursuant to 28 U.S.C. §§ 2241-43, challenging the execution of his federal sentence. Petitioner seeks an order from this court requiring the Bureau of Prison ("BOP") to conduct an individualized evaluation and reconsider him for placement in home detention, as an alternative to a Residential Re-entry Center, pursuant to 18 U.S.C. §3621(b). [ECF 1].[1] For the reasons detailed below, this petition should be dismissed

---

[1]Unless otherwise noted, the page numbered referenced are those imprinted on the filing by this court's electronic docketing system, CM/ECF, on the upper, right-hand corner of the

without prejudice for lack of exhaustion, or in the alternative, denied on the merits, because Petitioner is not entitled to habeas corpus relief.

This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636 and, S.D. Fla. Admin. Order 2019-2.

The government has filed a response to this court's order to show cause with supporting exhibits [ECF 11], in which it argues that:

1. Consideration under the First Step Act is not warranted because, as conceded by Petitioner, he is not 60 years of age and does not qualify for the program;

2. Petitioner has failed to exhaust his administrative remedies;

3. Individual consideration for Residential Reentry Center Placement has been considered and rejected; and,

4. The BOP and not the court, has exclusive authority and broad discretion to designate Petitioner's place of confinement.

Petitioner has filed a reply [ECF 12], claiming he has not requested that this court order the BOP to reconsider its RRC placement decision. [*Id.*, p. 1]. Instead, he seeks an order from the court requiring that the BOP consider, in good faith, whether or not Petitioner should be transferred to home confinement, pursuant to 18 U.S.C. § 3624(c). [*Id.*]. He also disagrees with Respondent, arguing that he has exhausted his administrative remedies, but the BOP has thwarted or otherwise ignored his requests. [*Id.*].

---

pleading.

As discussed below, Petitioner is not entitled to habeas corpus relief.

## II. Discussion

### A. The First Step Act

The Respondent argues that Petitioner's claim is not one seeking elderly release under the First Step Act. [ECF 11, p. 3]. Following this court's show cause order, the Petitioner filed a notice conceding he is not entitled to relief under the First Step Act because he is not 60 years old and does not qualify for the program. [ECF 8, p. 1]. In his reply, Petitioner argues he is seeking home detention, pursuant to 18 U.S.C. § 3624(c) and 28 C.F.R. § 570.22, claiming the BOP has not provided him with an individual evaluation regarding home detention. [ECF 12]. Therefore, given Petitioner's concession, no relief is warranted under the First Step Act.

### B. Failure to Exhaust Administrative Remedies

Respondent argues that this habeas petition should be dismissed because the Petitioner has failed to properly exhaust his administrative remedies. [ECF 11, pp. 4-8].

Petitioner has filed a reply, disagreeing with Respondent, claiming he has exhausted his administrative remedies at every step. [ECF 12, p. 2]. To the extent he did so improperly, he argues that his counselor, Q. Ponder ("Ponder") did not put any of the grievances in the system, and that the BOP has had no interest in rectifying this problem. [*Id.*].

1. <u>Applicable Law</u>

Although Petitioner's failure to exhaust his administrative remedies does not deprive this court of jurisdiction over his claim, Petitioner must still exhaust his administrative remedies before seeking habeas corpus relief. *See Santiago-Lugo v. Warden,* 785 F.3d 467, 471, 474-75 (11th Cir. Apr. 30, 2015)(finding that, while exhaustion is not a jurisdictional prerequisite, petitioner seeking relief under § 2241 are still required to exhaust their administrative remedies before seeking habeas corpus relief); *Woodford v. Ngo,* 548 U.S. 81, 93 (2006)(Under the PLRA, 42 U.S.C. § 1997e(a), "proper exhaustion" requires "compliance with the agency's deadlines and other critical procedural rules.").

For a federal prisoner to properly exhaust his administrative remedies, he must follow the procedures set forth in 28 C.F.R. §§ 542.10-542.19. Generally, the first stage requires the resolution of issues through informal grievances to the institution Warden or staff. *See* 28 C.F.R. § 542.13(a)-(b). The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate (BP-9) form, is twenty (20) calendar days following the date on which the basis for the request occurred. *See* 28 C.F.R. § 542.149(a). The BP-9 form is given an identifying number and the appendage "-F." (ECF 11-7, Ex. 7, ¶ 5].

If unsuccessful at the first stage, a formal written appeal, on the appropriate (BP-10) form, to the Regional Director shall be filed within twenty (20) calendar days of the date the Warden signed the response. *See* 28 C.F.R. § 542.15(a). Appeals maintain the same identifying number as the BP-9 institutional level grievance, but they are appended with an "-R." [ECF 11-7, Ex. 7, ¶ 5]. If not satisfied with the Regional Director's response, the final step in pursuing administrative remedies is to submit an appeal, on the appropriate (BP-11) form, to the Central Office Appeal, Office of the General Counsel, within thirty (30) calendar days of the date the Regional Director signed the response. *See* 28 C.F.R. § 542.15(a); [ECF 11-10, Ex. 10, pp. 6-8].

Administrative remedies are not exhausted until the claim has been presented at all levels and has been denied at all levels. *See* 28 C.F.R. §§ 542.10, 542.15(a). The absence of a response by the agency, within the time allotted by regulation, may be considered a denial at that level. *See* 28 C.F.R. § 542.17. If, however, a request for administrative remedy is rejected, it is returned to the inmate, and the inmate is provided with a written notice explaining the reason for rejection. *See* 28 C.F.R. § 542.17(b).

A computerized index of all administrative remedies filed by an inmate is maintained by an electronic database called SENTRY, maintained by the BOP, so

that it can be quickly determined whether an inmate has exhausted his administrative remedies. [ECF 11-7, Ex. 7, ¶ 3].

2. <u>Relevant Facts</u>

Pursuant to BOP regulations, amended on October 21, 2008, inmates may be considered for community confinement or home detention during the final months of the inmate's term of imprisonment. *See* 28 C.F.R. § 570.21. The inmate's Unit Team, comprised of a case manager, counselor, and unit manager conduct an individualized determination regarding an inmate's placement in a Residential Reentry Center ("RRC"). [ECF 11-2, Ex. 2]. In their determination, the Unit Team considers the 18 U.S.C. § 3621(b) factors, which include: (1) the resources of the facility contemplates; (2) the nature and circumstances of the offense; (3) the inmate's history and characteristics; (4) any statements made by the sentencing court; and, (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2). *See* 18 U.S.C. § 3621(b); [ECF 11-2, Ex. 2, p. 2].

On December 20, 2018, the Petitioner's Unit Team recommended, pursuant to the Second Chance Act, appropriate RRC placement of 151 to 180 days. [ECF 11-2, Ex. 2, p. 2]. The Unit Team noted that Petitioner needed additional time in an "RRC/home detention for a successful transition back into society." [*Id.*]. The "Institutional Referral for CCC Placement" form was prepared by the Unit Team and then provided to appropriate officials for final determination, including the

Warden, the Community Corrections Manager for the Southeast Region, and the Miami Residential Reentry Management Office ("Miami RRM Office"). [*Id.*; ECF 11-3, Ex. 3, pp. 1-2]. In February of 2019, the CCM ("Community Corrections Manager") denied the Unit Team's recommendation for RRC placement. [ECF 11-4, Ex. 4, p. 1; ECF 1-2, p. 5].

On **April 23, 2019,** Petitioner filed a "Inmate Request to Staff" at the local institutional level, addressed to Mrs. Bearden, explaining that he qualifies for "CCC placement," and requesting home confinement as approved by the Warden. [ECF 1-2, p. 4]. Respondent makes no mention of this request in its response to the show cause order. *See* [ECF 11].

On **April 24, 2019,** Case Manager, L. Bearden ("Bearden"), filed a response to Petitioner's informal request, confirming that "the CCM determined your case as Deny Community Corrections - Other Reason. Therefore, your request is denied." [ECF 1-2, p. 5]. Although Bearden provided Respondent with an Affidavit, nowhere does it mention this filing. *See* [ECF 11-2, Ex. 2, pp. 1-3]. Respondent also makes no mention of this filing in its response to this court's show cause order. *See* [ECF 11]. Together, these two filings appear to satisfy the first step in the exhaustion process since Petitioner did, in fact, file an informal request to staff at the institution level, in accordance with 28 C.F.R. § 540.13(a).

On the same day, in an April 24, 2019 Memorandum from Unit Manager S. Smith to Warden Bryan K. Dobbs, it was noted that Petitioner had been considered for RRC placement, but it was denied because he is "classified as COMM CORR DENY due to his current conviction for Possessing Visual Depiction of a Minor Engaged in Sexually Explicit Conduct." [ECF 11-4, Ex. 4, p. 1]. Therefore, the Unit Manager concluded Petitioner was ineligible for RRC participation at that time. [*Id.*]. The Warden concurred with the denial of RRC participation. [*Id.*].

Following Bearden's denial at the institutional level, it appears that Petitioner filed an appeal to the Regional Director on **April 26, 2019.** *See* [ECF 1-2, pp. 2-3]. Respondent argues this appeal, assigned Remedy No. 981034-R1, was rejected on **June 14, 2019** because Petitioner failed to begin his administrative remedy process at the institution level. [ECF 11-7, Ex. 7, pp. 3, 6]. Other than the excerpt from SENTRY, the actual denial has not been provided by Respondent. In any event, it appears this rejection may have been in error, as Petitioner did file an informal request with staff at the local institutional level.

In his reply, Petitioner states the BOP has not provided him with a copy of the June 14, 2019 denial of his regional appeal. [ECF 12, p. 3]. He maintains that his counselor should have notified him of this decision, instead of "ignoring the entire situation." [*Id.*]. Petitioner suggests that if, in fact, his regional appeal was denied on

June 14, 2019, then the BOP's staff has been "grossly negligent" in withholding this information from him. [*Id.*].

Respondent has provided the Affidavit of Maria Syed ("Syed"), a Paralegal Specialist at the Consolidated Legal Center ("CLC"), a BOP employee, to support its argument regarding lack of exhaustion. [ECF 11-7, Ex. 7, ¶¶ 1-3]. Syed also makes no mention of the Petitioner's April informal request to Bearden regarding his RRC placement. *See* [ECF 11-7, Ex. 7, pp. 1-3]. Instead, Syed focuses on a review of what appears to be uncertified excerpts of the "Administrative Remedy Generalized Retrieval" print-outs from SENTRY, which reveal Petitioner filed three Regional appeals, assigned Remedy Identification Nos. 963206-R1, 980282-R1, and 981034-R1. [ECF 11-7, Ex. 7, pp. 5-6]. Respondent states Regional Appeal Nos. 963206-R1 and 981034-R1 were rejected because Petitioner failed to begin his remedy process at the institution level. [ECF 11-7, Ex. 7, pp. 2-3]. It has not provided a copy of this rejection. It also makes no mention of the reason for rejection of Regional Appeal No. 980282-R1.

3. <u>Analysis</u>

Respondent argues exhaustion was not accomplished because Petitioner never filed an informal request, and Petitioner was given clear instructions on how to exhaust his administrative remedies by commencing the process at the institutional

level. [ECF 11-7, Ex. 7, p. 3, ¶ 11]. Respondent further argues there was nothing preventing Petitioner from properly exhausting his administrative remedies. [*Id.*].

In his reply, Petitioner disagrees with Respondent's argument that he never filed an informal request at the institutional level, claiming he has exhausted his administrative remedies at every step. [ECF 12, p. 2]. Petitioner suggests, without any objective evidence, that his counselor, Ponder, has failed to "put any of the grievances in the system." [*Id.*, p. 2]. He argues the BOP has no interest in rectifying this problem. [ECF 12, p. 2]. He concludes that BOP officials have "machinated events" in order to prevent Petitioner from fully exhausting his administrative remedies. [*Id.*].

As noted above, it appears the informal April 2019 grievance given to staff constituted the first step in the exhaustion process. Petitioner appealed this denial to the Regional Administrator, but claims he has yet to receive a response to the appeal. [*Id.*]. He argues that he first learned of the denial from Respondent's filing with this court, but has not seen or been provided with a copy of the denial by the BOP. [*Id.*,]. Petitioner, however, has not completed the final step in the exhaustion process, having failed to file an appeal to the Office of the General Counsel. Therefore, his claim is unexhausted, but not for the reason postured by Respondent.

In any event, however, Petitioner has not exhausted the final step in the administrative remedy process, having failed to file a central appeal with the Office

of the General Counsel. Thus, Petitioner filed this action prematurely. A prisoner cannot prove exhaustion with grievances and appeals that he submits after filing his federal petition in federal court. *See Alexander v. Hawk,* 159 F.3d 1321, 1326 (11th Cir. 1998). Thus, unexhausted claims cannot be brought in federal court, and the failure to exhaust administrative remedies requires dismissal of the habeas petition. *See Jones v. Bock,* 549 U.S. 199, 211 (2007); *Chandler v. Crosby,* 379 F.3d 1278, 1286 (11th Cir. 2004).

Pursuant to 28 C.F.R. § 542.14(b), Petitioner may seek an extension of time to file a delayed appeal with the Central Office, explaining he just learned of the denial of his regional appeal in September 2019. At that point, he can argue that, the rejection of that appeal may have been in error as he did, in fact, first raise his concerns to staff at the institutional level. Only upon fully exhausting his administrative remedies may Petitioner then return to this court.

Given all of the foregoing, it appears that dismissal for lack of exhaustion of administrative remedies is warranted. Petitioner's argument that he is being thwarted by BOP officials from properly exhausting his administrative remedies does not rise above the speculative level. As noted, Petitioner has not exhausted his administrative remedies, and must do so. Thus, dismissal for failure to exhaust is warranted.

## C. Petitioner Not Entitled to RRC Placement

Notwithstanding the lack of exhaustion defense, Respondent argues that Petitioner is not entitled to relief on the merits. [ECF 11]. Respondent states that the BOP evaluated Petitioner for RRC placement after considering the § 3621(b) factors. Therefore, relief is unwarranted. [ECF 11, p. 11-12].

Petitioner argues, however, that the BOP should consider, on an individualized basis, whether Petitioner could be placed in home confinement as part of its RRC placement. [ECF 12, p. 4]. He acknowledges that as a convicted sex offender, he is not eligible for placement in a residential reentry center but, while he concedes he is not entitled to home confinement, he wants to be considered for this alternative. [*Id.*].

1. Applicable Law

The Second Act of 2007 ("the Act"), codified at 18 U.S.C. § 3624(c), directs the BOP to ensure that "a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust and prepare for the reentry of that prisoner into the community," and may include commitment to a community correctional facility. *See* 18 U.S.C. § 3624(c)(1)(2007). Under § 3624(c), a prisoner may be placed in home confinement for the shorter of ten percent of the term of imprisonment of that prisoner, or for 6 months. *See Id.*

The BOP is required, pursuant to 18 U.S.C. § 3624(b), to consider the following relevant factors when determining placement: (1) resources of the contemplated facility; (2) nature and circumstances of the offense; (3) prisoner's history and characteristics; (4) any statement by the court that imposed sentence; and, (5) any pertinent policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3624(b).

2. <u>Analysis</u>

The Respondent argues correctly that the courts lacks the authority to determine where the Petitioner shall serve his sentence, and that this determination is solely left to the discretion of the BOP. Under 18 U.S.C. § 3621(b), the BOP shall designate the place of a prisoner's imprisonment. "The BOP retains discretion to decide how to classify prisoners and choose the institution in which to place them." *United States v. Anderson,* 515 F. App'x 772, 775 (11th Cir. 2013)(citing *Cohen v. United States,* 151 F.3d 1338, 1344 (11th Cir. 1998)). Consequently, the BOP alone has the sole discretion to make the determination of where the Petitioner will serve his sentence.

In any event, the BOP did, in fact, provide Petitioner with an individualized evaluation regarding placement in accordance with the Act. It did so here, making the recommendation, which was then overruled by the CCM, based on the nature and characteristics of Petitioner's conviction. *See* [ECF 11-4, Ex. 4, p. 1; ECF 1-2,

p. 5]. Petitioner admits he is ineligible for placement in an RRC because of the nature of his conviction. [ECF 12]. Alternatively, he seeks reconsideration of the BOP's decision not to place him in home confinement as an alternative. Where, as here, the BOP has considered the § 3621 factors in denying Petitioner's RRC placement, there is no relief for this court to grant, so that the petition should be denied. *See e.g., Miller v. Whitehead,* 527 F.3d 752, 758 (8th Cir. 2008)(affirming dismissal of petition where the court found "no evidence that the warden acted other than in good faith when he concluded immediate RRC placement as inappropriate). Therefore, relief on the merits is not warranted.

### III. Recommendations

Based upon all of the foregoing, it is recommended that this petition be DISMISSED without prejudice for lack of exhaustion; or, in the alternative, DENIED on the merits; and the case CLOSED.

Objections to this report may be filed with the court within fourteen (14) days of receipt of a copy of the report. Failure to file timely objections may bar Petitioner from a *de novo* determination by the district judge of an issue covered in this report and may bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Williams v. McNeil,* 557 F.3d 1287, 1291 (11th Cir. 2009)(finding district court has discretion

to decline consideration of arguments not presented to the magistrate judge in the first instance).

Signed this 2nd day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Roger Amado Garcia, *Pro Se*
Reg. No. 04119-104
F.C.I. - Miami
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177

Maureen Donlan, AUSA
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
Email: maureen.donlan@usdoj.gov